v. Richard Abbott and Modstaff. Mr. Babbitt. Good morning, Your Honors. I requested to reserve four minutes, I believe.  Your Honor, I'd like to start off by saying that parties very often settle cases to stop the bleeding. Unfortunately, in this case, the settlement only exasperated the bleeding, and hopefully we can stop the bleeding soon. I think that just a brief summary of the context of how this settlement came about is in order. As pointed out in the briefs, the case was scheduled for trial, I believe, the first week in April of 2006, April 1st or 2nd. The Friday before that week, the magistrate judge had counsel in to mark exhibits and just go over final preparations for trial. Coincidentally, attorney Henry Smock, who had served as a mediator previously, was in the magistrate judge's chambers on another matter, and the magistrate judge urged the party, since he was there, to have some discussions and see if we can get this thing settled. As I've explained in my brief, there were some hasty discussions, cell telephone calls, and there was an agreement after half an hour, 45 minutes, and the mediator, who was set to go in and meet with the magistrate judge, wrote a hastily written mediation settlement agreement, and it said that Mazda was to get a full release of claims and that Mazda was supposed to draft the release. And that sort of gets to the heart of the problem here, right? Because according to your opponents, it wasn't just a full release of Mazda that was an issue. What you tendered to the other side was a release that encompassed other companies. Before we get to that, I have a more specific question for you, which is, do you contend that the sanctions here were somehow against Mazda? Well, of course, the magistrate judge... I think the problem stems from the magistrate judge's order. We don't dispute that Attorney Keynes previously filed a motion for sanctions against myself. The magistrate judge's order from March of 2006 begins by stating that the matter before the court is the plaintiff's motion to enforce the settlement. The magistrate judge, in the second to last page of his decision, says that twice, Mazda will be sanctioned. But in the end, the sanction was leveled under Section 1927, right? It doesn't say. The magistrate judge's order doesn't say. It says twice that Mazda will be sanctioned. It never says that counsel for Mazda, Bruce Bennett, will be sanctioned. And then, on the last page, the magistrate judge just simply says that the order for post-settlement motion practice sanctions will be granted. Well, since the only motion that was pending was a motion under 1927, doesn't granting that motion mean that the motion that was granted was the 1927 motion? No, because the magistrate judge's order doesn't even reference that motion. I thought you just said, and this is how I read it as well, that at the end, the statement was, the motion for sanctions is granted. There was no other motion for sanctions pending, right? If I may, Your Honor. Judge Barnard's March, I believe it's 9th, 2006 order begins by stating, this matter is before the court on the plaintiff's motion for release and settlement agreement with defendants for trial date and the defendant's opposition thereto. That's all he says in terms of what his opinion and order is going to address. Then, on page 4, as part of the discussion, in fact, the last paragraph of the discussion, he says, and I'm reading, Mazda will be sanctioned a sum equivalent to the attorney fees expended by plaintiff to file the unnecessary motions that relate to the settlement agreement. He then goes on further down and says that Mazda is to be sanctioned with respect to the disclosure of the mediation settlement agreement. Then, of course, in the last page, he simply says that ordered that the plaintiff's motion for sanctions as it relates to the post-settlement motions is granted. Never mentions 1927, never mentions the plaintiff's motion for sanctions, and never mentions me, and simply says that Mazda will be sanctioned. Was there anything in the motion for sanctions that related to the fact that you filed a copy of the settlement agreement? I do not recall specifically, Judge Fischer, but I do not believe so. I believe it related only to motion practice following the disagreement over what the settlement agreement, the proper interpretation of the settlement agreement. Now, Mazda filed an appeal from Judge Bernard's order to the district court. That is correct. You did not file an appeal. That is correct. Okay. Did Mazda have standing to file an appeal on your behalf? If you assume that the sanction was pursuant to the motion, if he asked for sanctions against you, did Mazda have standing to file that appeal? Since you did not file an appeal, were you properly before this court on your part of the sanction? Well, let me start and go back. I think both Mazda and myself have standing to be before your honors based upon the entry of the final judgment back in, I think it was August of 2007. Okay. But going back further, because the magistrate judge's order mentioned only Mazda and did not mention the motion for sanctions personally against me, and did not mention me, is the reason that the appeal was taken to our district judge under our local rules. There was, according to Judge Bernard's order, there were no sanctions entered against me. Now, of course, to accept that, one has to accept your premise that when the judge says the motion for sanctions is granted, that Judge Bernard didn't mean the motion for sanctions that had been filed by flame, right? Judge Jordan, I'll go back to what my colleague Jim Himes yesterday said in a case that we argued before you, and he spoke about certainty, and I think that's what was missing here. We can't be left to guess what the judges are in fact ordering. I think Judge Bernard's order is fairly clear. Again, I don't mean to harp on it, but he says only Mazda will be sanctioned. Nowhere in his March 2006 order does he say Bruce Bennett or counsel for Mazda is sanctioned according, reference to this previous motion or to any motion. I mean, I think all you can take from the March 2006 order is that the magistrate judge sanctioned Mazda. Alright, you're here. I'm sorry? I say you're here, and was the sanction abuse of discretion? Was the sanction abuse of discretion? In other words, get to the merits. The merits are that we had a settlement agreement, a very cursory settlement agreement. As part of the discussions, we expected a complete release of all the claims related to this product, the vehicle that the plaintiff was driving and which she complained about. That was our understanding, and we walked out of the magistrate judge's chambers having to pay, but nevertheless getting this behind us. We prepared a proposed release that included Mazda, of course. Included Mazda's insurer, which is standard practice I know here in the Virgin Islands, and I presume everywhere else. Included the shareholders, officers, directors, agents, successors, and standard boilerplate language that is included in every release. Included the Ford Motor Company, which the plaintiff's full well knew back in 2001 was the actual manufacturer of the vehicle. And included in general language the vendors and suppliers of parts to the vehicle because it was only through those parties, inclusion of those parties, was Mazda going to obtain its full release. Because considering the tactics that the plaintiffs were pursuing, we felt that they were going to go ahead and go after the Ford and parts suppliers and vendors. And then Mazda, of course, would be called to answer to them because of their interconnecting relationship. I'm sorry, Judge Fischer, I think I've gotten off track. Getting to the merits. That was what we proposed. The plaintiffs refused to sign it saying we didn't agree to your insurance company be included. Although, again, that's just simply standard practice. We didn't include the Ford and the vendors and shareholders, successors, and the signs. Well, yes, I will agree that not all of those parties were expressly spelled out in that very brief mediation settlement agreement. But I will submit to the court that in connection with the discussions that we had in the magistrate, judges chambers, it was clear that Mazda was bargaining for a complete release with respect to this product. And that's what Mazda paid a substantial amount of money for. They refused to sign. We went back and forth with a motion or two and some letters. Ultimately, Judge Barnard entered his order. We then revised the release and sent it to the plaintiffs. Going back to Judge Barnard's orders, with respect to the sanctions, nowhere in Judge Barnard's order did he make any specific express findings of fact that the mere disagreement between the parties over the interpretation of this three-sentence mediated settlement agreement constitutes willful bad faith on the part of either Mazda or myself, such that sanctions were appropriate. Aside from the fact that his order is unclear in terms of exactly who he's sanctioning, because on the one hand he says Mazda, but on the other hand it could be read to be me, the fact that he didn't make any specific findings of bad faith, in fact made really nothing at all about all he says is that Mazda will be sanctioned equivalent to the attorney's fees expended by plaintiffs to file the unnecessary motions. So he apparently made the conclusion that these motions were unnecessary, but he never said that the conduct was reckless, willful bad faith, whereas in the Barker case they at least required the court to make a finding that the attorney had unreasonably and vexatiously prolonged proceedings. Judge Barnard didn't even do that in his order. We think that's probably the big problem here, aside from the fact that we believe that, again, the mere disagreement over what that mediation settlement agreement actually meant doesn't warrant. Do you rest on your grief on the Lewis case? With respect to Lewis, we simply said that we have motion pending for being a prevailing party and for whatever reason the court just simply and apparently arbitrarily said it's denied without anything. Yes, I have nothing further to add on that. I know your time is up, but I need to go back a little bit. When you were asked by Judge Fisher about what you were doing here, how we have jurisdiction over your matter, you said, oh, there was a final judgment entered in August of 2007. Are you talking about the August 20th, 2007 order? By Chief Judge Gomez. And what that order does is dismiss Mazda's appeal for lack of standing, right? Yes. You weren't a party to that appeal. You didn't appeal. That is correct. You had 10 days to appeal. Incidentally, is that I got confused. When you prepare to hear 30 cases, if there's some type of spillover, I got it mixed up with a higher case. There hasn't been an order that has put an out on your five votes. You are absolutely correct, and I knew when you asked that question in the previous case that it was going to come up in this case, and Judge Davidson, you're quite correct. If there's no final order, how do we have jurisdiction? I mean, we have jurisdiction to review the district judge's dismissal of Mazda's appeal on the grounds that he gave for doing something like a flat standing. But how do we have jurisdiction to resolve the issues you're arguing here? That's an interesting question. I would tend to go with Attorney Alcon's submission in that fact that sanctions clearly were imposed by Judge Barnard. I submit it's unclear as to whom and whether they're even warranted, but I think the fact that sanctions were clearly entered along with Judge Gomez's judgment dated August 20, 2007, outlining his findings and his determinations with respect to Judge Barnard's order, and then ordering that the clerk of the court shall close matter, I think that makes this a final judgment. But does it affect your standing, though, in this respect? I understand your argument that you didn't know that nobody knew that this was an accident. It was against Mazda. It was against you. It's unclear. It was against Mazda. Once the district court made the ruling, wasn't it clear that the sanctions order was being interpreted as being against you? You're talking about Judge Gomez's order? Right. I mean, one of the challenges I'm having with this case is the arguments you're making here Some of them don't appear to have been made to the district court at all. There's no motion for reconsideration, nothing to indicate that you put this in front of the district court and say, hey, this is against me personally here in my argument. So my question is, how can we pick up arguments that were never presented to the district court? Um, well, this is an appeal from a final judgment. I mean, arguments were made to, if I recall the argument, the brief to Judge Gomez included all the arguments about no findings by Judge Barnard with respect to willful bad faith, recklessness, or what have you. And I believe the motion for the appeal to Judge Gomez is part of the appendix, or in any case, the docket, of course. So in that respect, they were raised earlier on. I see my time is up. We'll have you back, everybody. Thank you, Your Honor. Mr. King. Good morning, Your Honor. Good morning. We have basically five points in this matter, but I will get to the crux of the issue. The crux of the issue is whether or not sanctions were appropriately issued against Attorney Bennett. And I submit to you that they were. The case was resolved in March of 2006. Settlement agreement called for the defendant attorney to draft an appropriate release, which was to be done within 30 days. That was never done. Calls were made to Attorney Bennett. Attorney Bennett insisted in submitting a release for my client to sign that contained non-parties and that contained non-parties to the release. I continue to ask Attorney Bennett to remove the non-parties. He informed me that Mazda only wanted a release with all of the non-parties. If we accept, Mr. King, that there was a disagreement between the two of you about what the nature of the settlement was, what is the basis in the record for understanding going from the merits of it, that that disagreement was somehow in bad faith, warranting sanctions? Your Honor, if I may, there were not a real disagreement. The language of the release itself, of the agreement itself, stated that my client would release the party, the party being Mazda, not non-parties. As a matter of fact, one of the parties, one of the non-parties that counsel attempted to get my client to release was Ford Motors. In the beginning of the lawsuit, counsel fought tooth and nail. As a matter of fact, he got the district court judge to prevent my client from seeing the agreement between Mazda and Ford Motors. The magistrate judge said that we were tied to it. He appealed to the district court judge. The district court judge agreed with him. Okay, I understand that, and I did read the background. What I'm trying to get at is, it appears, or at least hearing Mr. Bennett argue, the argument we're getting from the other side is there was a rather hastily called settlement conference, and we thought an understanding was reached to put this case behind everybody. As part of that, we were going to get money, and there was going to be a general release, a general release of the kind typically granted in a product liabilities case, which means there's no way that anybody's ever going to come back to Mazda, either directly or indirectly, and say you owe money in relation to the suit. That's how I understand, Mr. Bennett, the argument in this case. When he left that room on behalf of Mazda, he understood, we've got a settlement that's ending this case. Now, I understand your argument to be, no, we had an understanding that it was Mazda, you're buying peace, but that doesn't mean anybody else is buying peace. What I'm trying to find out is, what do you rely on in the record that would lead us to believe that Mr. Bennett's understanding of the thing was sanctionable, in bad faith, that it didn't warrant some further investigation than it received by the magistrate judge here? Well, Your Honor, first of all, one of the parties, as I said, Ford Motor Company, Mazda knew that they not only manufactured the vehicle, but Ford is the parent company of Mazda. I think that would be Mr. Bennett's point exactly. Why would we, Mazda, agree to settle if we weren't settling at a minimum for the whole corporate family? That should have been understood in the room when we talked about it. Because he never mentioned that in the room when we talked about it. The settlement agreement was with Mazda and Mazda only. In the room next door, he never said that we want you settled against Ford, against Mazda, against a vehicle manufacturer. Why was it unreasonable for him to make that request? Why was it unreasonable for him to make the request that we settle globally? Yes. Because when we filed a lawsuit, he fought tooth and nail to prevent us from bringing or finding out the relationship between Ford, for example, and Mazda. Okay, but that's prior history. Correct. In the lawsuit. Now you get to a point where you say, okay, in return for X amount of dollars, we will settle our case and we will give the release. And we agreed to give the release to Mazda. Okay, but I think the question that Jordan is asking to deal with the crux of this case is why was it bad faith for Mr. Bennett and Mazda to ask for the type of release that they asked for? Because given the context that we had undergone during the entire litigation, the attorney knew that we were only concentrating and we are only going against Mazda. And we tried to get an understanding from the attorney regarding the relationship between Ford and Mazda. What he tried to do was an end run in the process. In the beginning, they had nothing to do with Ford. If you want to sue Ford, you go ahead and sue Ford. In the end, he is saying, give us the release that releases Ford from any liability. Well, he was also saying before, we're not going to give you any money. And everything changes when you get to settle. Mazda was saying he's not going to give us any money. Right. He only represented Mazda, not Ford. Yeah, but he changed his position. When he got to settle, he said, we'll give you some money. Everything changes in settling. And in settlement, we agreed that we would settle with Mazda and Mazda only. We never agreed to settle with Ford or any of these other non-parties. Do you have any case to show us that their request for a global release was bad faith? I have case to show that not necessarily the request for a global release was bad faith. But there's no case that states that we should enter into a global release with non-parties and non-parties to the agreement. Non-parties to the litigation and non-parties to the agreement. Has the substance of the case been finally resolved? As to my client, yes. The parties, all that stuff. The only thing we're talking about here is the sanctions order, right? Correct. And Attorney Bennett filed a claim for costs which were denied. Right. So I guess my question to you is, now that the underlying suit has finally been resolved, is there some reason to pursue this sanctions motion other than your conviction, because we don't have anything from the district court on this, your conviction that there's bad faith on the other side? Well, Your Honor, I think we tried to resolve this matter. As a matter of fact, the matter was part of the mediation, and we tried to mediate it under the court's mediation program. And Attorney Bennett was not, in my view, very cooperative. Your Honor, Attorney Bennett mentioned the fact that the magistrate judge did not make an express finding as to the bad faith on his behalf. Baker Industries. Let me go back to the question you just raised. Didn't you submit a request for a fine of $11,000-plus? Yes, Your Honor. Isn't that still hanging on you? That is still hanging, Your Honor. Isn't that all of the sanctions that you have signed against us? That is correct, Your Honor. Okay. That is correct, Your Honor. Right. But I hope I didn't mislead you. I said that I didn't mean there wasn't money on the line. My question to you was, and I think I've got the answer to this, at this point it's being pursued because you believe there's bad faith. Is that it? Well, it's being pursued because Attorney Bennett doesn't want the pain. That's why it's being pursued. He was the one who filed the appeal. That's fine. Go ahead. I think I got the answer to that. Attorney Bennett mentioned that the Massachusetts judge did not make any detailed efforts to find him having a bad faith. But Baker Industries clearly stated that although it is a better practice to find a bad faith after the judge, you are finding a bad faith. Bad faith may be inferred by the court. And I would submit to you that the Massachusetts judge, having had this case from its inception, had, he knew the record, he knew the facts. And even though there may not be a court expert to find in a bad faith, bad faith could have and was inferred to Attorney Bennett. Where is it implied in what you said that what occurred occurred because of that? Point us in the record to the statements you're relying on to say there's a negligent use of the words. You mentioned in those words that there's a fight in that case. Well, I think Judge Gomez's opinion clearly states that it was Mazda that prolonged the litigation. Remember, the settlement occurred in March of 2006. It wasn't until October of 2007 that this matter finally came to rest after the settlement had been entered. And it wasn't until August when Judge Gomez entered his order. Judge Gomez clearly pointed out in his opinion that Mazda had been the one that by adding these non-parties to the litigation and by adding these non-parties to the settlement agreement. By doing that, Your Honors, by adding non-parties to the settlement agreement, what Mazda did is they tried to bring parties whom the court did not even have jurisdiction over. So if my client agreed to the settlement and there was a matter that we disputed against Ford, for example, this court would not have jurisdiction over Ford. It had jurisdiction over Mazda, but not Ford. Parties can settle any way they want, right? That is correct. Nothing to prevent you from releasing the Congress of the United States from liability if you wanted to. That is correct, but if we wanted to enforce the settlement, we would have to have jurisdiction over the Congress of the United States. Wouldn't we really just have to have jurisdiction over you, right? I mean, if you decided to sue somebody, the point is we'd have jurisdiction over you. But in this case, if we wanted to enforce the agreement against a non-party, against Ford, for example, we could not do that because the court did not have jurisdiction over Ford, and Ford did not sign any agreement. Since Ford was not taking upon itself, even if it were part of the settlement, to undertake to do anything. On the contrary, you were undertaking to release them. I'm not sure I follow your argument, but... Your Honor, I ask that this court affirm the district court's judgment. There will be no purpose served if this court vacate the judgment and remand it back to the district court. Thank you. Thank you, Mr. Cairns. Yes, Your Honor, I'll be brief. Just in follow-up, I believe, to Judge Jordan's question, Mazda promptly paid the judgment with, I think it was about $10,000 worth of interest. After Judge Gomez entered his order in August, I think it was, after there was some discussion about what the exact amount of the interest was, I think the payment was actually finally made in October. Then what is Mazda's continuing interest in this case, Mr. Bennett? Is Mazda contending that it's somehow injured by the sanctions? At this point, it's clear they're leveled against you alone. What's Mazda's interest? Judge Jordan, I would respectfully disagree when you say they're clearly leveled to me alone because, again, I go back to Judge Barnard's order where he never mentions me and he only says Mazda will be sanctioned. Well, since we're dealing with an appeal from the district court's order, not from the magistrate judge's order, and the district court says the sanctions are against you and not against Mazda, I'm not sure that you're answering my question. How does Mazda have an interest in this case if the district court says the sanctions? I'm not suggesting that you might not have a complaint. I'm trying to figure out what Mazda's complaint is at this point since Mazda's been let off the hook by the district court. Well, Mazda's interest is twofold. Number one, I'm their lawyer and they have to pay me. How does that affect whether you have to pay somebody else? I understand Mazda has to pay you. Is your statement that if you have to pay sanctions, Mazda's somehow got an indemnification agreement with you? Well, the sanctions are requested for the, quote, unnecessary motion practice, and I think my colleague affirmatively represents at one point that all it was was a motion and a response to a motion. But in any event, it was legal expenses incurred in this motion practice that Mazda ultimately pays. Okay, so let me try this one more time. Are you telling the court that if the sanctions order against you, which is what it is at this point, stands, that Mazda is somehow on the hook for that money legally? Not what you would say in terms of sending them a bill. See, we have to make a decision about is Mazda still in this in some way. I understand, Your Honor. Quite frankly, I'm not prepared to answer that question. I understand my agreement with Mazda is that they pay me for my legal services, whether or not they will reimburse me for any funds that need to be paid to opposing counsel at such time that the court might make an award, I can't answer that question. I understand. Can I have a minute or two more briefly? Go ahead. Although you took considerable time before, but go ahead. Just two more points. Attorney Keynes mentioned that in the mediation agreement, his party only agreed to release the parties to the lawsuit, and I don't read the mediation settlement agreement that way. Again, I read from it, the plaintiff shall execute a full release of all claims within the corporation confidentiality clause to be drafted by defendant. I don't see anywhere in that mediation settlement agreement that the plaintiff expressly reserves that they're only going to release the party, Mazda, to the lawsuit. Number two, with respect to the jurisdiction of non-parties, I agree with the impression I'm getting from the panel is yes, releases can be executed between anybody. The court does not need to have jurisdiction over the Ford Motor Company or the insurer for Mazda in order for them to all enter into a settlement agreement. If they do and that agreement is breached, then the court has jurisdiction, quite frankly, has jurisdiction over them by reason of the fact that the contract was executed here in the Virgin Islands. And finally, the panel did not discuss the release. In connection with the payment that was made following Judge Gomez's August 2007 order, the plaintiffs executed a full and final release and satisfaction of judgment. We addressed in our brief the fact that by virtue of executing that full and final release, they no longer have any claims against either Mazda or myself as either an intended or incidental beneficiary of that release. Except they have a claim to the court order that was ratified by the magistrate judge and that's separate from the release itself. I would disagree. The release was executed subsequent to that order and the release expressly provided that all claims were discharged, attorney's fees included, by virtue of accepting that payment and executing that release. And if those, by virtue of the magistrate judge's order or Judge Gomez's order, there were monies due, although undetermined at that point in time, that release extinguished it. Isn't that a matter that if we decide this case, the misdemeanors we should take up in front of the jury? It may possibly end up that way. Your Honor, I'll be very frank with you. It's a very confusing case for me. There's a lot of twists and turns. I enjoy being in front of the panel, but there's a lot of other things I prefer doing than argue over extraneous issues like this. We thought the case was over long ago. We hope it will just be put to rest. Thank you.